**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WANGDI SHERPA; KIPPA SHERPA, | No. 11-70479 |
| Petitioners, | Agency Nos. A099-783-519 |
| v. | A099-783-520 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Wangdi Sherpa and Kippa Sherpa, natives and citizens of Nepal, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeals from an immigration judge's decision denying their applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Petitioners contend they established past persecution based on incidents that occurred while Wangdi was working as a trekking guide, an incident in which people threatened his parents, and an incident that occurred at petitioners' restaurant. Substantial evidence supports the BIA's finding that petitioners failed to establish a nexus to a protected ground with regard to the trekking incidents and the threat to Wangdi's parents, *see Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"), and its finding that petitioners failed to establish the restaurant incident rose to the level of persecution, *see Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is an "extreme concept marked by the infliction of suffering or harm") (internal quotations omitted). Apart from arguing they established past persecution, petitioners do not otherwise challenge the agency's finding that they failed to establish a well-founded fear of persecution. Accordingly, petitioners' asylum claims fail.

11-70479

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, petitioners contend that the BIA failed to analyze their CAT claim properly. Because it is unclear whether the BIA independently assessed the record evidence with regard to petitioners' CAT claim, we are unable to conduct a meaningful review. *See Kamalthas v. INS*, 251 F.3d 1279, 1282-84 (9th Cir. 2001) (remanding for consideration of record evidence supporting CAT claim because "claims for relief under the Convention are analytically separate from claims for asylum . . . and withholding of removal"); *Cardoza-Fonseca v. INS*, 767 F.2d 1448, 1455 (9th Cir. 1985), *aff'd on other grounds*, 480 U.S. 421 (1987) (stating that "in order for us properly to review the Board's determination, we must understand the basis for its decision and how it arrived at the findings underlying that decision," and remanding for clarification of the Board's opinion) (internal citation omitted). Thus, we grant the petition with respect to petitioners' CAT claim, and we remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (per curiam) (2002).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**